UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>                   Plaintiff,<br><br>v.<br><br>M. MURILLO; SGT. A. HERNANDEZ,<br><br>                   Defendants. | Case No.: 19cv1965-JAH (LL)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

**INTRODUCTION**

Pending before the Court is an Objection to Removal by Plaintiff Alonzo Joseph ("Plaintiff"), an inmate currently incarcerated at California State Prison located in Corcoran, California, filed on October 22, 2019. Doc. No. 7. Due to Plaintiff's *pro se* status, the Court must construe the pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Therefore, the Court will treat the pleading as a Motion to Remand. For the reasons set forth below, the Court finds it lacks jurisdiction over the complaint and, therefore, **GRANTS** the motion to remand the matter to state court for all further proceedings.

**BACKGROUND**

On July 3, 2019, Plaintiff Alonzo Joseph ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego, against Defendants Sgt. A. Hernandez

and Corrections Office M. Murillo. *See* Doc. No. 1 at 5, exhibit A. Defendant Murillo removed the action to this Court on October 10, 2019. Doc. No. 1. Therein, Defendant claimed there is federal jurisdiction. *Id.* Specifically, Defendant Murillo claims the Civil Cover sheet identifies the case as "Civil Rights" and the Complaint alleges claims for violations of the Eighth Amendment for excessive force and failure to protect and a Fourteenth Amendment violation for retaliation. Doc. No. 1 at 2. Defendant also requests the Court "screen" Plaintiff's Complaint pursuant to 28. U.S.C. § 1915A. *Id.* at 3. Plaintiff filed an Objection to Removal on October 22, 2019, objecting to removal "because Plaintiff have [sic] a right to submit himself in any court." Doc. No. 7.

## DISCUSSION

### A.  Legal Standard

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th. Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for*

*Southern Cal.*, 463 U.S. 1, 10-11 (1983). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393; *see Wayne*, 294 F.3d at 1183 ("However, the existence of a defense based upon federal law is insufficient to support jurisdiction."). Further, "[a]s the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Arco Envtl. Remediation L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996); *Redwood Theaters, Inc. v. Festival Enters. Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

The defendants have the burden of establishing that removal is proper and supporting its jurisdictional allegations with competent proof. *Gaus v. Miller*, 980 F.2d at 566; *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). In addition, the defendants must file a timely notice of removal. 28 U.S.C. § 1446(b). The notice of removal must be filed within 30 days after receipt of a copy of the initial pleading if removability can be determined from its text. *Id.*

**B. Discussion**

Defendants seek removal of this action on the grounds that Plaintiff's Complaint arises under 42 U.S.C. § 1983. However, the face of Plaintiff's Complaint does not establish that a federal statute creates any of the claims found in Plaintiff's Complaint. Furthermore, while Defendant's cites to Plaintiff's Civil Cover sheet as support for the removal, Defendant ignores that Plaintiff also indicated the causes of action are for negligence and intentional tort, which are state laws and not federal causes of action. *See* Doc. No. 1-2 at 5. Simply because Plaintiff alleges a violation of his civil rights does not

foreclose the possibility that he is seeking damages for alleged violations of his civil rights under California law. The "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). It is certainly not clear from the face of Plaintiff's Complaint that he intended to seek relief under § 1983. However, Plaintiff's Objection to the Removal makes clear he in fact does not intend seek relief under § 1983 and pursue this action in federal court. Doc. No. 7. "The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action." *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984).

Accordingly, the mere possibility that Plaintiff could have brought a civil rights claim under § 1983 does not support a finding of federal jurisdiction. Based on the aforementioned, IT IS HEREBY ORDERED the Court **GRANTS** the motion to remand. Pursuant to 28 U.S.C. § 1447(c), **this action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed and assigned case number 37-2019-00034482.** Defendant's request for screening pursuant to 28. U.S.C. § 1915A is denied as moot.

**IT IS SO ORDERED.**

DATED: January 16, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE